UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HAIDER SALAH ABDULRAZZAK,<br><br>Petitioner,<br><br>vs.<br><br>BRENT FLUKE, WARDEN AT MIKE DURFEE STATE PRISON, and ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:20-CV-04154-RAL<br><br>OPINION AND ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISSING PETITION FOR HABEAS CORPUS |

Petitioner Haider Salah Abdulrazzak (Abdulrazzak) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Abdulrazzak moves for leave to proceed without prepayment of fees and filed a prisoner trust account report. Docs. 2, 3. Abdulrazzak also moves for judicial notice and to expediate the proceedings. Docs. 4, 6.

I.      **Motion for Leave to Proceed Without Prepayment of Fees**

Abdulrazzak moves for leave to proceed without prepayment of fees and filed a prisoner trust account report. Docs. 2, 3. Abdulrazzak's prisoner trust account report shows average monthly deposits for the past six months of $70.00, and an average monthly balance for the past six months of $61.94. Doc. 3. Accordingly, the Court finds that Abdulrazzak is indigent and grants his motion for leave to proceed in forma pauperis. However, Abdulrazzak has the financial wherewithal to pay the $5 filing fee, which he paid on November 23, 2020.

II.     **Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254**

   A.   **Procedural History**

Abdulrazzak has filed two prior habeas petitions under 28 U.S.C. § 2254 with this Court. See Abdulrazzak v. Fluke, 4:19-CV-04025, Doc. 1; Abdulrazzak v. Fluke, 4:19-CV-04075-RAL, Doc. 1. This Court issued one opinion and order dismissing both of Abdulrazzak's habeas petitions on November 13, 2019. See Abdulrazzak, 4:19-CV-04025, Doc. 17; Abdulrazzak, 4:19-CV-04075-RAL, Doc. 16. Abdulrazzak's § 2254 petition in 4:19-CV-04075-RAL, which was filed on April 15, 2019, contested the revocation of Abdulrazzak's state parole. See Abdulrazzak, 4:19-CV-04075-RAL, Doc. 1. This Court dismissed Abdulrazzak's petition regarding his parole revocation for failure to exhaust his claims. Abdulrazzak, 4:19-CV-04075-RAL, Doc. 16 at 10, 16. As noted in this Court's opinion and order, Abdulrazzak did not timely file a notice of appeal regarding his parole revocation proceedings at the state court level. Id. At the time of that opinion, Abdulrazzak's appeal to the South Dakota Supreme Court was pending. Id. Since that time, the South Dakota Supreme Court affirmed the circuit court's dismissal of Abdulrazzak's notice of appeal for being untimely. Abdulrazzak v. Bd. of Pardons & Paroles, 940 N.W.2d 672, 678 (S.D. 2020), reh'g denied (Mar. 31, 2020), cert. denied, Abdulrazzak v. S.D. Bd. of Pardons & Paroles, No. 19-8541, 2020 WL 5882672 (U.S. Oct. 5, 2020).

Abdulrazzak filed the current § 2254 petition on October 21, 2020. Doc. 1. Abdulrazzak raises four claims contesting the revocation of his state parole. See id. at 5-10.

**B. Discussion**

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order ...

2

This Court's preliminary review, required by Rule 4, reveals Abdulrazzak's current § 2254 petition is a second or successive petition and should be dismissed.

> Section 2244 states:
>
> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of the court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
> . . .
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> . . .
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Similarly, Rule 9 of the Rules Governing § 2254 in United States District Courts states, "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." "Repetitive claims that have been 'raised and decided adversely on the merits in an earlier petition' are successive." Shaw v. Delo, 971 F.2d 181, 184 (8th Cir. 1992) (quoting Olds v. Armontrout, 919 F.2d 1331, 1332 (8th Cir. 1990)).

In the current petition, Abdulrazzak challenges his parole violation and sentence. Doc. 1. Abdulrazzak provides four grounds on which he alleges he is being held in violation of the Constitution: (1) revoking Abdulrazzak's parole based on his refusal to incriminate himself or provide incriminating statements to his parole officer violated his Fifth and Fourteenth Amendment rights; (2) Abdulrazzak's parole officer's submission of incorrect allegations violated his Fifth and Fourteenth Amendment rights; (3) the Parole Board's imposition of Abdulrazzak's suspended sentence without violation of a condition imposed by the court violated the Ex Post Facto Clause and the Fifth and Fourteenth Amendments; (4) the Parole Board's modification of

3

Abdulrazzak's IPD and addition of restrictions to his parole violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Id. at 5, 7, 8, 10. Abdulrazzak raised these exact same issues in his prior § 2254 petition. See Abdulrazzak, 4:19-CV-04075-RAL, Doc. 1 at 5, 7, 8, 10.

Abdulrazzak's prior petition regarding his parole revocation was dismissed by this Court on the merits. Abdulrazzak, 4:19-CV-04075-RAL, Doc. 17. This Court found that Abdulrazzak had not exhausted his claims and his failure "to timely file a notice of appeal of the Board decision in state court is a procedural default that may bar a subsequent § 2254 petition . . . ." Abdulrazzak, 4:19-CV-04075-RAL, Doc. 16 at 10 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The fact that the South Dakota Supreme Court has issued its decision affirming the circuit court's denial of Abdulrazzak's notice of appeal for being untimely has no impact on this Court's finding that Abdulrazzak's current petition is a second or successive habeas corpus application.

Thus, this action is barred because it is a second or successive habeas corpus petition. Abdulrazzak has made no showing that he received permission from the United States Court of Appeals for the Eighth Circuit to file a second or subsequent writ of habeas corpus as required by 28 U.S.C. § 2244(b)(3)(A). As a result, this Court is without jurisdiction to consider petitioner's request for relief. Williams v. Hopkins, 130 F.3d 333, 335-36 (8th Cir. 1977); Garrett v. Groose, 99 F.3d 283, 285-86 (8th Cir. 1996).

**C. Order**

Accordingly, it is

ORDERED that Abdulrazzak's motion for leave to proceed without prepayment of fees, Doc. 2, is granted. It is further

ORDERED that Abdulrazzak's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed with prejudice and no certificate of appealability will be issued. It is further

ORDERED that Abdulrazzak's motions for judicial notice and to expedite proceedings, Docs. 4 and 6, are denied as moot.

DATED this 7th day of December, 2020.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE
