UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HAIDER SALAH ABDULRAZZAK,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT FLUKE, WARDEN AT MIKE DURFEE STATE PRISON; AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Defendants. | 4:20-CV-04154-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING SERVICE |

Plaintiff Haider Salah Abdulrazzak filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. On December 7, 2020, this Court entered a judgment of dismissal in favor of Defendants. Doc. 8. Abdulrazzak moved for reconsideration on December 17, 2020. Doc. 9. This Court found that Abdulrazzak's petition was a second or successive habeas corpus application and he made no showing that he was given permission from the United States Court of Appeals for the Eighth Circuit to file a second petition. Doc. 7 at 4.

Abdulrazzak claims that this Court's "opinion is not supported by legal authority or the facts presented[.]" Doc. 9 at 1. He mentions Federal Rules of Civil Procedure 59(e) and 60(b). Id. Abdulrazzak's motion is timely under Rule 59(e). Fed. R. Civ. P. 59(e) (stating that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills,

141 F.3d 1284, 1286 (8th Cir. 1998)). " 'Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " Id. (quoting Innovative Home Health Care, 141 F.3d at 1286).

Abdulrazzak claims that this petition was not a second or successive petition because his previous petition in 19-CV-4075 was dismissed for failure to exhaust his state remedies. See Doc. 9. In 19-CV-4075, this Court dismissed Abdulrazzak's petition because he still had a pending case before the Supreme Court of South Dakota. 19-CV-4075, Doc. 16 at 10. A prisoner's new habeas petition brought after exhausting his state remedies will not be considered a second or successive petition, even when his previous habeas petition was dismissed for failure to exhaust state remedies. See Slack v. McDaniel, 529 U.S. 473, 487 (2000). When:

> state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted . . . but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

Woodford v. Nygo, 548 U.S. 81, 93 (2006) (citing Gray v. Netherland, 518 U.S. 152, 162 (1996)). The procedural bar "prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Gray, 518 U.S. at 162. Further, a defaulted claim in state court is barred for federal review "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" Coleman v. Thompson, 501 U.S. 722, 750 (1991).

When Abdulrazzak filed this petition the Supreme Court of South Dakota had ruled that his notice of appeal was untimely—his state court remedies have now been exhausted. Doc. 7 at 4. A review of the record in 19-CV-4075 shows that Abdulrazzak was not been given the opportunity to

2

argue that there was "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate fundamental miscarriage of Justice" as required by Coleman. 501 U.S. at 750. Abdulrazzak has not had the opportunity to argue this before this Court. Thus, his previous habeas petition not adjudicated on the merits and his current petition cannot be considered a second or successive petition. Abdulrazzak's motion for reconsideration, Doc. 9, is granted.

This Court is to screen § 2254 petitions and dismiss when it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.. At this time, this Court cannot determine with confidence that it "plainly appears" that Abdulrazzak is not entitled to any relief here, although ultimately that may be the case.

Therefore, it is hereby

ORDERED that Abdulrazzak's motion for reconsideration, Doc. 9, is granted. It is further

ORDERED that the Clerk of Court arrange to serve a copy of all pleadings of record and this Order on Defendants. It is further

ORDERED that the Defendants file an answer, and if they so choose, a motion to dismiss and memorandum, within thirty days of service of the pleadings. It is finally

DATED ~~January~~ February 2, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

3