UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HAIDER SALAH ABDULRAZZAK, <br><br> Petitioner, <br><br> vs. <br><br> BRENT FLUKE, WARDEN AT MIKE DURFEE STATE PRISON; AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA, <br><br> Respondents. | 4:20-CV-04154-RAL <br><br><br> OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS |

Petitioner Haider Salah Abdulrazzak filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. Pending before this Court is Respondents' motion to dismiss and Petitioner's motions to grant habeas relief, for recusal, for an evidentiary hearing, and to strike. Docs. 12, 18, 20, 21, 25.

I. **Motion for Recusal**

Abdulrazzak moves for the recusal of the undersigned judge. Doc. 20. He claims that this judge's previous legal orders and opinions are incorrect. See Doc. 20. "A judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.'" United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)). This standard is objective and questions "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Id. (quoting Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002)). The party that introduces the motion for recusal "carries a heavy burden of proof; a judge is presumed to be impartial and

the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (internal quotation omitted).

The party must show "that the judge had a disposition so extreme as to display clear inability to render fair judgment." Melton, 738 F.3d at 905 (cleaned up and citation omitted). Abdulrazzak bases his motion on allegations of ignorance of the law. Doc. 20. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). A judicial ruling "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." Id. Here, Abdulrazzak's disagreement with prior rulings may be grounds for an appeal, but he has not shown that the undersigned judge is unable to be impartial or to render a fair judgment. Abdulrazzak has not met his burden. Thus, his motion for recusal, Doc. 20, is denied.

## II. Motion to Dismiss

### A. Factual Background[1]

In 2011, a state court jury found Abdulrazzak guilty of 14 counts of child pornography in violation of SDCL § 22-24A-3(3). Doc. 13-1. He was sentenced to 21 years in prison with 13 years suspended. Doc. 13-1. The Supreme Court of South Dakota affirmed his convictions. State v. Abdulrazzak, 828 N.W.2d 547 (S.D. 2013). In 2014, Abdulrazzak was released to the United States Immigration and Customs Enforcement. Doc. 13-2 at 2. He returned to South Dakota in 2016 and signed a new parole supervision agreement. Doc. 13-2 at 2.

---

[1] Abdulrazzak has filed two prior habeas petitions under 28 U.S.C. § 2254 with this Court. See Abdulrazzak v. Fluke, 4:19-CV-04025-RAL, Doc. 1; Abdulrazzak v. Fluke, 4:19-CV-04075-RAL, Doc. 1.

Four months later, Abdulrazzak was accused of violating conditions of his parole, and a hearing was held before the South Dakota Board of Pardons and Paroles (Board) on March 13, 2017. Abdulrazzak v. South Dakota Bd. of Pardons and Paroles, Civ. No. 17-1519, 3–5 (Second Judicial Circuit, Mar. 13, 2017).[2] The Board determined that Abdulrazzak had violated the conditions of his parole so his parole was revoked. Id. The Board's amended order and notice of entry was served on Abdulrazzak on April 21, 2017. Id. at Notice of Entry of Order and Certificate of Service, 6 (Apr. 21, 2017). Abdulrazzak served the Board with his notice of appeal on May 10, 2017. Id. at Certificate of Service, 10 (Filed on May 25, 2017). His notice of appeal was filed with the court on May 25, 2017. Id. at Statement of Issues; Verified Motion and Order to Waive Fees and Costs and to Appoint Counsel, 7–8 (May 25, 2017). Appellee filed a motion to dismiss and asserted that Abdulrazzak's appeal was untimely under SDCL § 1-26-31. Id. at Motion to Dismiss, 16 (June 5, 2017).

Abdulrazzak, through his attorney, argued that he gave prison staff his appeal documents on May 10, 2017, and the prison staff failed "to even get the filing to the clerk . . . Prison staff was able to serve the Board but [w]ere unable to provide the same documents to the clerk of courts." Id. at Brief in Opposition to Motion for Dismissal, 29–31 (June 15, 2017). A hearing was held on June 4, 2018, before the Honorable Lawrence Long, a judge for the Second Judicial Circuit for the State of South Dakota. Id. at Notice of Hearing and Certificate of Service, 47 (Apr. 24, 2018). A transcript of the hearing is not in the record. Abdulrazzak filed a motion for reconsideration, which Judge Long reviewed on June 15, 2018. Id. at Appellant Motion and Brief for Reconsider, 50–53 (June 15, 2018). In his motion for reconsideration, Abdulrazzak asked the state court to re-examine

---

[2] Abdulrazzak's civil state court file was provided to the Clerk of Court. This Court will hereafter cite to this file as "CIV. No. 17-1519" and refer to the document title, the page number within the file being cited, and the document's date of filing.

3

the evidence he presented and hold that his appeal was timely mailed, and any late filing was the clerk's error. Id. at 51.

On June 27, 2018, Judge Long granted Appellee's motion to dismiss and held that Abdulrazzak's appeal was untimely under SDCL § 1-26-31, declaring that he had considered the "written and oral arguments of the parties . . . ." Id. at Order Granting Motion to Dismiss, 66 (June 27, 2018). Abdulrazzak filed a notice of appeal to the Supreme Court of South Dakota. Id. at Notice of Appeal, 74 (July 25, 2018). The opinion of the Supreme Court of South Dakota stated in its "Facts and Procedural History" section that "on May 25, the Minnehaha County Court received and filed Abdulrazzak's pro se notice of appeal" and noted that "there is no separate evidentiary record establishing the date as May 10, 2017." Id.; Abdulrazzak v. Board of Pardons and Paroles, 940 N.W.2d 672, 676 n. 2 (S.D. 2020). The Supreme Court of South Dakota accordingly affirmed Judge Long's dismissal of Abdulrazzak's case. CIV. No. 17-1519, Judgment, 123 (Apr. 2, 2020).

Abdulrazzak filed a petition for rehearing/reconsideration to the Supreme Court of South Dakota and claimed that "evidence in[] the record established" the May 10, 2017 notice of appeal filing date and that "it was the circuit court who did not sign it until May 25. 2017." Case No. 28685,[3] Appellant's Petition for Rehearing/Reconsideration, 160 (March 13, 2020). Further, Abdulrazzak asserted in his petition for rehearing that the prison admitted that they received the appeal and mailed it out on May 11, 2017. Id. at 161. "It is unreasonable therefore for this Court to determine in its finding of facts . . . that Abdulrazzak's notice of appeal was received by mail

---

[3] The Supreme Court of South Dakota's review and documents were also filed with the Clerk of Court. This Court will refer to this document as Case No. 28685.

4

and filed 'by the clerk of court on May 25, 2017.'" Id. at 164–65. He further argues that the delay in filing his notice was due to the delay and oversight by the clerk of court. Id. at 165.

The Supreme Court of South Dakota denied Abdulrazzak's petition for rehearing and held that there was "no issue or question of law or fact appearing to have been overlooked or misapprehended . . . ." Id. at Order Denying Petition for Rehearing, 175–76 (March 31, 2020). Abdulrazzak filed his present writ for habeas corpus on October 21, 2020. Doc. 1. Respondents move to dismiss and argue that Abdulrazzak procedurally defaulted his claims and cannot show cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. Doc. 12 at 1.

**B. Legal Analysis**

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting the issues in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner's claims must be adjudicated on the merits by a state court). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citing Picard v. Connor, 404 U.S. 270, 275–78 (1971)).

A petitioner's failure to properly exhaust state court remedies "in accordance with state procedure results in procedural default of the prisoner's claim." Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010) (citing O'Sullivan, 526 U.S. at 848). When a prisoner does not properly exhaust his claims in state court, his claims are procedurally defaulted and the federal court is

5

generally barred from hearing the claims. See Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc); Wiegers v. Weber, 37 F. App'x 218, 219–20 (8th Cir. 2002) (per curiam). Interests of comity and federalism underlie the procedural default doctrine. Davila v. Davis, 137 S. Ct. 2058, 2064 (2017). A petitioner's procedurally defaulted claims are barred from federal review unless there is a showing of either cause and prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

Respondents argue that Abdulrazzak procedurally defaulted his claims because he did not timely file his appeal under SDCL § 1-26-31. Doc. 12. Abdulrazzak asserts his claims are not procedurally defaulted because the "state rule was not firmly established/regularly followed . . . ." Doc. 19 at 6. State rules like SDCL § 1-26-31 will not bar a habeas claim unless they are "firmly established, regularly followed, and readily ascertainable." White v. Bowersox, 206 F.3d 776, 780 (8th Cir. 2000) (citing Ford v. Georgia, 498 U.S. 411, 423–24 (1991)). "[F]ederal habeas relief will be unavailable when (1) a state court has declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (cleaned up and citation omitted).

The Supreme Court of South Dakota upheld the Circuit Court's opinion that Abdulrazzak's appeal was untimely under SDCL § 1-26-31. Abdulrazzak, 940 N.W.2d at 677. That Court also held that Abdulrazzak's appeal was untimely even with the three days added to the time under SDCL § 15-6-6(E). Id. at 678 (relying on In re Murphy, 827 N.W.2d 369, 371 (S.D. 2013)). Further, this Court previously concluded that § 1-26-32's requirements were an independent and adequate state law ground that bars federal review. See Brakeall v. Dooley, 4:17-CV-04112-LLP, 2018 WL 3468707, at *9 (D.S.D. Jan. 2, 2018), report and recommendation adopted, 2018 WL

6

3468226 (D.S.D. July 18, 2018); see also Pratt v. South Dakota, 4:17-CV-04115-LLP, 2017 WL 6812608, at *8 (D.S.D. Oct. 27, 2017), report and recommendation adopted, 2017 WL 6813136 (D.S.D. Nov. 27, 2017)); Kurtenbach v. Dooley, 5:15-CV-05063-JLV, 2016 WL 11407827, at *10 (D.S.D. July 28, 2016), report and recommendation adopted, 2016 WL 5135915 (D.S.D. Sep. 21, 2016)).

Because SDCL § 1-26-31 is an independent and adequate state law ground to bar federal review and Abdulrazzak's state appeal was untimely, his current claims are procedurally defaulted. See Coleman, 501 U.S. at 735 n.1 (explaining that procedural default exists when the "petitioner failed to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."). Procedurally defaulted claims can only proceed if Abdulrazzak shows either actual innocence or that there was cause for the procedural default and actual prejudice to the petitioner. McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001) (citing Bousley, 523 U.S. 614 at 622).

### 1. Cause

A demonstration of "cause" to excuse the procedural default "must be something external to the petitioner" and requires "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488). Abdulrazzak claims that his appeal was sent to the Minnehaha County Clerk of Court on May 10, 2017, and "[i]t is [] undisputed that the clerk of the court did not stamp the appeal as filed until the circuit court sign [sic] it on May 25, 2017." Doc. 19 at 20.

"Mistakes by courts or the clerk's office may constitute cause to excuse a petitioner's procedural default." Berry v. Fluke, 4:19-CV-04188-RAL, 2020 WL 6445848, at *6 (D.S.D. Nov.

3, 2020) (citing Hartman v. Bagley, 492 F.3d 347, 358 (6th Cir. 2007) (concluding that petitioner established cause for failure to timely appeal the denial of his state habeas petition where docket showed that copy of denial was sent only to petitioner, not his attorney, and where affidavit showed that no legal mail for the petitioner was received by the prison)) and Johnson v. Champion, 288 F.3d 1215, 1227–28 (10th Cir. 2002) (finding cause to excuse a procedural default where the clerk's failure to provide the petitioner with a certified court order made compliance with the state's procedural rules "practically impossible")).

Abdulrazzak now offers an unverified mail log showing that on May 11, 2017, something was sent to the "SD Board of Pardons & Paroles" and the "Court Administrator's Office 2nd Judicial Circuit." Docs. 21-1 at 11. Respondents claim that Abdulrazzak "presented no such proof in the state court proceedings and he has presented no such evidence in his present petition." Doc. 13 at 11. "[A] federal court is bound by the state court's factual findings unless the state court made a 'decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Cole v. Roper, 783 F.3d 707, 711 (8th Cir. 2015) (quoting 28 U.S.C. § 2254(d)(2)). "Factual determinations made by state courts are presumed correct and petitioner bears the burden of rebutting that presumption by clear and convincing evidence." Id. (citation omitted). "A factual determination is not unreasonable 'merely because the federal habeas court would have reached a different conclusion in the first instance.'" Id. (quoting Wood v. Allen, 558 U.S. 290, 301 (2010)). "The existence of some contrary evidence in the record does not suffice to show that the state court's factual determination was unreasonable." Id. (citing Wood, 558 U.S. at 302–03).

After a review of the state court records, a finding of fact on this matter was made by the Supreme Court of South Dakota when it stated in its opinion that the Minnehaha County Clerk of

8

Court received and filed Abdulrazzak's notice of appeal on May 25, 2017. Abdulrazzak, 940 N.W.2d at 673. Abdulrazzak has already challenged this finding of fact and asserted it was the Clerk of Court's fault when he filed a petition for rehearing. See Case No. 28685, Appellant's Petition for Rehearing/Reconsideration, 160 (Mar. 13, 2020). The Supreme Court of South Dakota denied Abdulrazzak's petition for rehearing, noting "no issue or question of law or fact appearing to have been overlooked or misapprehended . . . ." Id. at Order Denying Petition for Rehearing, 175–76 (Mar. 31, 2020).

Thus, it is a finding of fact by the Supreme Court of South Dakota that the Minnehaha County Clerk of Court received and filed Abdulrazzak's notice of appeal on May 25, 2020, making his appeal untimely. Abdulrazzak's present claim that the cause of his default was the Clerk of Court's failure to timely file the notice of appeal is a plea for this Court to reconsider a fact found by the Supreme Court of South Dakota. This Court is bound by the state court's factual finding because it was based on a reasonable determination in light of the facts presented to the state court. See Cole, 783 F.3d at 711. Because Abdulrazzak has not established cause for his procedural default, this Court does not need to consider prejudice. Mathenia v. Delo, 99 F.3d 1476, 1481 (8th Cir. 1996).

### 2. Actual Innocence

Because Abdulrazzak has not shown cause, his procedurally defaulted claims can only proceed if he can show actual innocence. See Bousley, 523 U.S. at 622. Actual innocence is not an independent constitutional claim upon which habeas relief can be granted; instead, it is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (1995).

A successful claim of actual innocence requires the petitioner to support his allegations with new reliable evidence. Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997) (citation omitted). New reliable evidence means evidence not previously presented and "not available at trial and could not have been discovered earlier through the exercise of due diligence." Johnson v. Norris, 170 F.3d 816, 818 (8th Cir. 1999).

Abdulrazzak claims that his new evidence was filed in a civil rights lawsuit and are "personal records written by the parole agent herself" that "have no indication that at anytime petitioner left the unit without permission," thus supporting that he did not violate his parole agreement. Doc. 19 at 43. He also asserts new evidence in the form "sufficient facts of the parole agent and the parole agent supervisor retaliation act for petitioner's invoking his Fifth Amendment" to support this Court allowing his Fifth Amendment claim in a separate case to survive screening. Doc. 19 at 44.

First, Abdulrazzak's reference to this Court's order in a separate case that there were sufficient facts for his Fifth Amendment claim is not evidence but a determination about whether Abdulrazzak's allegations survive screening under 29 U.S.C. § 1915A. Doc. 19 at 43; Abdulrazzak v. Smith et al., 4:17-CV-04058-KES, Doc. 13. Next, the alleged personal records filed by the parole agent were not filed for this Court to review.[4] Even if he had filed this alleged record in this case, it would not be considered "new" evidence because it could have been reasonably discovered at the time his state parole was being revoked. See Johnson, 170 F.3d at 818. Abdulrazzak has not demonstrated that this evidence did not exist at the time his parole was being revoked and could not have been presented at that time.

---

[4] Abdulrazzak references exhibits in Abdulrazzak v. Smith et al., 4:17-CV-04058-KES. This Court has reviewed that case file and cannot find any such exhibits.

Abdulrazzak bears the burden to show actual innocence. Id. Abdulrazzak has failed to meet this burden. Thus, this Court cannot consider the claims in his petition as they are procedurally defaulted. When a prisoner does not properly exhaust his claims in state court, his claims are procedurally defaulted, and the federal court is generally barred from hearing the claims. See Abdullah, 75 F.3d at 411.

**III. Certificate of Appealability**

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." Id. at 335–36. Such a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Abdulrazzak has failed to make a substantial showing that his constitutional rights were denied because his claims were procedurally defaulted. Thus, a certificate of appealability is not issued. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

Therefore, it is hereby

ORDERED that Abdulrazzak's motion for recusal, Doc. 20, is denied. It is further

ORDERED that Respondents' motion to dismiss, Doc. 12, is granted. This Court denies issuing Abdulrazzak a certificate of appealability. It is finally

ORDERED that the remaining motions, Docs. 18, 21, 25, are denied as moot.

DATED July 1st, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE